IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

|  |  |  |
|---|---|---|
| MICHAEL EDWIN TERRY, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 08-1367-AA |
| | ) | OPINION AND ORDER |
| vs. | ) | |
| | ) | |
| BRIAN BELLEQUE, Superintendent, | ) | |
| Oregon State Penitentiary, | ) | |
| | ) | |
| Respondent. | ) | |

Nell Brown
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
      Attorney for petitioner

John Kroger
Attorney General
Summer R. Gleason
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310-4096
      Attorneys for respondent


AIKEN, Chief Judge:

Pursuant to 28 U.S.C. § 2254, petitioner filed a petition for writ of habeas corpus on November 11, 2008. Petitioner's claims are denied and the petition is dismissed.

## BACKGROUND

On December 11, 2000, petitioner was convicted in Jackson County, Oregon for intentionally murdering Kevin Elkin. Petitioner received a life sentence with a mandatory minimum sentence of 25 years. Petitioner directly appealed his conviction, but the Court of Appeals affirmed without opinion, State v. Terry, 187 Or. App. 502, 68 P.3d 274 (2003), and the Oregon Supreme Court denied review, 336 Or. 61, 77 P.3d 636 (2003). Petitioner sought post-conviction relief ("PCR"), which was denied. Terry v. Belleque, Marion County Circuit Court Case No. 04C19318. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court again denied review. Terry v. Belleque 221 Or. App. 197, 189 P.3d 752 (2008); 345 Or. 318, 195 P.3d 65 (2008).

Petitioner now seeks a writ of habeas corpus on the following four grounds: (1) the trial court improperly admitted an unlawfully recorded pre-trial interview with petitioner in violation of the Fourth Amendment; (2) petitioner was effectively denied counsel when his counsel failed to present an affirmative defense of extreme emotional disturbance ("EED"); (3) the trial court's judgment is facially void; and (4) ineffective assistance

Page 1 - OPINION AND ORDER

of counsel.

**DISCUSSION**

A.  Standard of Review for Writ of Habeas Corpus

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts must afford the state court's factual findings and legal rulings a defined measure of deference. See 28 U.S.C. §§ 2254(d), (e). A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). The Supreme Court construed this statutory text as a "command that a federal court not issue the habeas writ unless the state court was wrong as a matter of law or unreasonable in its application of law in a given case." Williams v. Taylor, 529 U.S. 362, 381 (2000).

In sum, federal courts are prevented from granting habeas relief to a state petitioner where the relevant decision is not "contrary to" or "an unreasonable application of" Supreme Court precedent. Crater v. Galaza, 491 F.3d 1119, 1126 (9th Cir. 2007). Further, a "merely erroneous" state decision does not warrant relief unless it is also "'an unreasonable application'

of clearly established federal law." <u>Early v. Packer</u>, 537 U.S.
3, 11 (2002)(emphasis in original).

B.   <u>Procedurally Defaulted Claims</u>

Respondent first asserts that all of petitioner's claims
except Ground 4(xi) are procedurally defaulted because they were
not fairly presented to the state courts as required by the
exhaustion doctrine.

Habeas petitioners are required to exhaust state remedies on
all claims alleged in their § 2254 petition unless it appears
there is an absence of available state corrective process, or
circumstances exist that render such process ineffective to
protect the petitioner's rights.  28 U.S.C. § 2254(b)(1).  In
order to properly exhaust state remedies, "the state prisoner
must give the state courts an opportunity to act on his claims
before he presents those claims to a federal court in a habeas
petition." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999).  To
"fairly present" a federal claim in state court, habeas petitions
must "include reference to a specific federal constitutional
guarantee, as well as a statement of facts that entitle the
petitioner to relief." <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63
(1996).  <u>See</u> <u>also</u> <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.
1999) (habeas petitioner must have "alert[ed] the state courts to
the fact that he was asserting a claim under the United States
Constitution").  The United States Supreme Court states:

> ordinarily a state prisoner does not 'fairly present'
> a claim to a state['s] [appellate] court if that court
> must read beyond a petition or a brief (or a similar
> document) that does not alert it to the presence
> of a federal claim in order to find material, such
> as a lower court opinion in the case, that does so.

Baldwin v. Reese, 541 U.S. 27, 32 (2004).

Hiivala also holds, "the mere similarity between a claim of state

and federal error is insufficient to establish exhaustion."

Hiivala, 195 F.3d at 1106.  The exhaustion requirement is not

"satisfied by the mere circumstance that the 'due process

ramifications' of an argument might be 'self-evident.'"  Gatlin

v. Madding, 189 F.3d 882, 888 (9th Cir. 1999); see also Anderson

v. Harless, 459 U.S. 4, 7 (1982).

    Reese held that the petitioner did not "fairly present" his

federal claim to a state court because his petition did not

explicitly state his "ineffective assistance of appellate

counsel" claim "refer[red] to a federal claim" in addition to a

state claim.  Reese, 541 U.S. at 33.  The Court noted that

Reese's "petition refer[ed] to provisions of the Federal

Constitution in respect to other claims but not in respect to

th[at] one.  The petition provide[d] no citation of any case that

might have alerted the court to the alleged federal nature of the

claim."  Id. (emphasis in original)

    Similarly, in Duncan v. Henry, the Court found the

"respondent did not apprise the state court" that one of his

claims was a violation of both state law and 14th Amendment due

Page 4 - OPINION AND ORDER

process when he "specifically rais[ed] a due process objection
before the state court based on a different claim."  513 U.S.
364, 365 (1995).  <u>Duncan</u> held that claim was not exhausted
because it had not been "fairly presented" to the state courts.
<u>Id.</u>

     First, respondent argues that grounds two and three are
procedurally defaulted because petitioner failed to present them
to the Oregon Supreme Court on direct appeal.  I agree.  Further,
petitioner appears to implicitly agree with this assessment as he
does not address grounds two or three or refute this assertion in
his brief.  Accordingly, these two grounds are procedurally
defaulted because they were not properly exhausted.
Petitioner's first ground for review is also procedurally
defaulted.  Petitioner raised the claim that recording the pre-
trial interview was unlawful under state grounds to the Oregon
Supreme Court, but failed to argue unlawfulness under federal
grounds.  As discussed above, failing to alert the state court to
a federal issue results in a procedurally defaulted claim.
Therefore, petitioner's claim that his pre-trial interview was
unlawfully recorded is procedurally defaulted because he failed
to raise a Fourth Amendment concern with the Oregon Supreme
Court.

C.   <u>Ineffective Assistance of Counsel Claim</u>

     Remaining is petitioner's allegation that his trial

Page 5 - OPINION AND ORDER

counsel's decision not to pursue an EED defense constituted ineffective assistance of counsel under Strickland.  To demonstrate ineffective assistance of counsel, a petitioner must show both that counsel's performance was deficient and that the deficient performance resulted in prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  In habeas proceedings, this requires petitioner to prove that "the state court's determination under the Strickland standard" was unreasonable. Knowles v. Mizayance, ___ U.S. ___, 129 S. Ct. 1411, 1420 (2009) ("The question 'is not whether a federal court believes the states court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable - a substantially higher threshold.'").

Petitioner asserts that trial counsel failed to "present an EED defense and an accompanying jury instruction."  Resp. to Pet. for Writ of Habeas Corpus at 5.  Specifically, petitioner alleges that trial counsel did not make a reasonable investigation into an EED defense and that if he had, there was a reasonable probability that evidence of EED would have led the jury to find petitioner guilty of manslaughter rather than murder.  Id. at 12. Petitioner adds a new argument in his brief, that an EED defense would have supported his "no intent" defense.  Petitioner's arguments are unpersuasive.

First, petitioner's new argument that counsel's performance

was prejudicial because the EED defense could have supported his "no intent" defense is procedurally defaulted.  Br. in Suppt. of Pet. for a Writ of habeas Corpus at 18.  As stated above, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan, 526 U.S. at 842.  Because petitioner failed to raise this issue with the Oregon Supreme Court, the claim is procedurally defaulted.

Petitioner also fails to prove that the PCR court incorrectly applied Strickland to the facts of this case in an objectively unreasonable manner.  See Bell v. Cone, 535 U.S. 685, 694 (2002).  The PCR court, in fact, expressly followed Strickland and addressed petitioner's ineffective assistance of counsel claim on the merits.  Resp. Ex. 127, p.4.  In making its factual determinations, the PCR court assumed without deciding that trial counsel's failure was deficient, but that the deficiency was not prejudicial.  Id. at 5.  Specifically, trial counsel's conduct was not prejudicial because petitioner could not establish any of the EED elements.  Establishing the affirmative defense of EED requires petitioner to prove: (1) "that the homicide was committed under the influence of extreme emotional disturbance;" (2) "there is a reasonable explanation for the disturbance;" and (3) "the disturbance is not the result of the [petitioner's] own intentional, knowing, reckless, or

criminally negligent act."  Or. Rev. Stat. 163.135 (1).

Therefore, petitioner's claim fails even if this court
considers it on the merits.    The PCR court's finding that
petitioner could not satisfy any of the three elements necessary
to establish EED was reasonable.

  1.  Homicide Committed While Under EED

Petitioner cannot establish that he suffered from EED at the
time he murdered Elkin.    The PCR court determined that "[e]ven if
Trial Counsel had engaged an expert as Petitioner claims he
should have, the best evidence before us is that the expert would
not have supported the EED to a meaningful level. . . . Any
failure by Trial Counsel to exercise reasonable skill and
judgement . . . does not make any difference."  Resp. Ex. 127, at
13.

Petitioner argues that testimony from Dr. Cochran's report
and deposition would support an EED defense.  However, any
admissible testimony from the report or deposition would mostly
repeat petitioner's own statements.  Dr. Cochran would be unable
to testify that petitioner "lost control" during the assault or
that his intense emotions overcame his self-control.  See State
v. Wille, 317 Or. 487, 500-501, 858 P.2d 128 (1993)(excluding
expert testimony that defendant did not intentionally kill his
wife because the testimony embraced an ultimate issue to be
decided by the jury).

Page 8 - OPINION AND ORDER

Regardless, the PCR court considered the impact an expert could have had if one had been allowed to testify. Id. at 13. Because the expert could not have testified as to the ultimate question of whether EED existed or not, the expert's testimony would have made no difference. Id. Because the expert could not testify that EED actually existed, he would be left only repeating petitioner's own statements. Resp. to Pet. at 15.

Finally, petitioner argues that if trial counsel had pursued an EED defense, petitioner would have testified to additional facts, as demonstrated by his post-conviction testimony, that would have supported an EED defense. For example, petitioner would have testified that he "went into a frenzy and lost it." Br. in Supp. at 14. In response, respondent argues that petitioner's post-conviction testimony is "inconsistent with [his] trial testimony where he outlined a coolly planned and executed beating of Elkins [sic]." Resp. to Pet. at 15. Petitioner's argument that these inconsistencies only exist because no questions were asked to elicit EED testimony is misguided. Br. in Supp. at 15. Petitioner testified under oath, and his answers should not change depending on the defense his lawyers pursue. Accordingly, petitioner's argument that his trial testimony is only inconsistent with his post-conviction testimony because an EED defense was not pursued is unpersuasive. The PCR court's determination that petitioner could not establish

that he was suffering from EED was reasonable.

2.  Reasonable Explanation for the Disturbance

The PCR court also determined that any EED suffered by petitioner was unreasonable. Resp. Ex. 127 at 13. Specifically determining, "[t]here would be no reasonable tendency for such facts to cause a reasonable or rational jury to decide that there was a reasonable explanation for any extreme emotional disturbance Petitioner may have suffered." Id. at 16. The PCR court focused on several facts in making its determination.

Importantly, two days elapsed between the alleged rape and the murder. Id. at 13. This time lapse afforded petitioner sufficient time for any initial rage to dissipate. Any argument that petitioner's rage continued for two full days after the allege rape is inconsistent with the facts. After hearing about the alleged rape, petitioner blamed his girlfriend for the rape and hit her repeatedly. Id. He even stated that he thought the alleged rape was her fault. Id. at 14. Petitioner then executed a plan to beat Elkin. Id. He invited Elkin over for a few beers, greeting him casually. Id. Rather than beat Elkin at his house, petitioner lured Elkin out to an isolated orchard where he could beat Elkin without anyone observing. Id. The fact that petitioner could act cooly and rationally during this plan demonstrates that he was not suffering from EED.

Thus, any EED petitioner suffered while beating Elkin was

not caused by the alleged rape and was therefore unreasonable.

3.  Result of Petitioner's Own Intentional, Knowing,

Reckless, or Criminally Negligent Conduct

Any EED that petitioner suffered was the result of his own intentional, knowing, reckless, or criminally negligent acts. Id. at 16.  The PCR court made the following finding with respect to the third element of petitioner's EED defense.

> This Court determines that no reasonable or rational juror would determine that any EED was not based upon the Petitioner's own intentional, knowing, reckless, or criminally negligent acts of violating the outstanding no contact order by seeing Ms. Graham, intimidating and beating her into telling him an untruth, (thereby turning the report of a sexual relationship (a liaison) into a "rape"), and having continuous contact with Ms. Graham over a weekend, while he drank with her and apparently made plans to hurt Elkin.

Pl.'s Ex. 127, at 16.

I find the record supports the PCR court's factual findings as stated above.  Petitioner's argument that thoughts of the rape overcame him during the assault is unpersuasive as petitioner planned and executed the assault.  Accordingly, the PCR court did not unreasonably apply Strickland in finding that petitioner could not prove the third element of an EED defense.

In conclusion, the PCR court reasonably applied Strickland to petitioner's claim for three independent reasons.  First, petitioner could not prove that he suffered from EED.  Second, any EED he did suffer from was unreasonable.  And third, if petitioner suffered from any reasonable EED, it was a result of

Page 11 - OPINION AND ORDER

his own intentional, knowing, reckless or criminally negligent conduct.

## **CONCLUSION**

Under the AEDPA, this court must defer to the decision of the PCR court.  Petitioner failed to affirmatively prove actual prejudice as required by Strickland.  Therefore, petitioner's federal habeas petition is denied as to all claims and this case is dismissed.

IT IS SO ORDERED.

Dated this 31st day of October 2010.




/s/ ANN AIKEN
Ann Aiken
United States District Judge

Page 12 - OPINION AND ORDER